UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTHONY C. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01848-TWP-MJD |
| | ) | |
| STURGELL, | ) | |
| WEDDELL, | ) | |
| MILLER, | ) | |
| BOLMAN, | ) | |
| GUILLIE, | ) | |
| PEROLE, | ) | |
| COLENON, | ) | |
| LUNSFORD, | ) | |
| HAMILTON, | ) | |
| SPANGLER, | ) | |
| COCKERN, | ) | |
| VAN DE, | ) | |
| HOLMES, | ) | |
| OVERFIELD, | ) | |
| PITT, | ) | |
| WHITTE, | ) | |
| SHUPPER, | ) | |
| PRESTEL, | ) | |
| REGAN, | ) | |
| DUNKIN, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Further Proceedings**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. But before that step can be taken certain claims must be severed from this action.

Federal Rule of Civil Procedure 18 permits a plaintiff to bring in one lawsuit every claim he has against a single defendant. Fed. R. Civ. P. 18(a). However, to join multiple defendants in a single action, Rule 20 requires that the plaintiff assert at least one claim against all of them "arising out of the same transaction, occurrence, or series of transactions or occurrences" and where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Working together, these two rules mean that "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Consequently, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.*, 507 F.3d at 607. Rule 20 applies as much to cases brought by prisoners as it does to any other case. *Id*. When claims are misjoined, Rule 21 allows this court to sever any claim against a party or to add or drop a party from a lawsuit.

## I. The Complaint

In this action, Martin sues 20 defendants, all employees of Pendleton Correctional Facility. The defendants include: Officer Sturgell, Officer Weddell, Sgt. Miller, Lt. Bolman, Cpt. Guillie, Cpt. Perole, Lt. Colenon, Sgt. Lunsford, Officer Hamilton, Officer Spangler, Officer Cockern, Officer Van De, Officer Holmes, Officer Overfield, Officer Pitt, Officer Whitte, Officer Shupper, Sgt. Prestel, Officer Regan, and Internal Affairs Dunkin.

Having reviewed the allegations in the complaint, it is apparent that there are five separate occurrences at issue.

1. **Altercation on December 24, 2016.**

   Martin alleges that on December 24, 2016, he was sexually assaulted by Officer Sturgell when she threw bars of soap into the shower area striking Martin several times in his genitals and lower part of my body. Martin was later escorted to medical because he was urinating blood and swelling. (Count 1 of Complaint.)

   While being transported to medical, Martin was beaten by Sgt. Prestel and Officer Regan causing injury. (Count 2 of Complaint.)

   On December 24, 2016, I.A. Dunkin placed Martin in a freezing cell out of retaliation with no sheets or blankets for five days. During three of these days, Martin was denied food and water by Officer Pitt and Officer Whitte. (Count 2 of Complaint.)

2. **Crushed Hand on April 13, 2017**

   On April 13, 2017, Officer Hamilton was working at the HCH cell house and told Martin that Martin had it coming for the Officer Sturgell incident, so Martin should watch his back. Later, Officer Hamilton purposefully shut Martin's left hand in the door, smashing it. Martin screamed for help, but Officer Hamilton just walked off. Martin yelled for a supervisor, but OIC Holmes did not respond even though Martin's hand was trapped in the door for over an hour. Martin's hand was fractured. (Count 3 of Complaint.)

3. **Treatment on June 2 – 4, 2017**

   From June 2, 2017 through June 4, 2017, Martin was subjected to racial and discriminatory treatment by Cpt. Gullie, Lt. Conlen, Sgt. Lungford, Officer Hamilton, Officer Spangler, Officer Cockern, Officer Van De and Officer Overfield. Martin was called racist names and locked in his cell for three days. During this time he was deprived of his meals. When he tried to yell for help, he was sprayed with mace by Officer Spangler. Officer Sturgell witnessed Martin being sprayed with mace and laughed. (Count 5 of Complaint.)

4. **Problems with Mail**

   Martin suffered retaliation for filing complaints and grievances. Over the course of two months, Martin's outgoing mail was read by Cpt. Perole, Capt. Gullie, Officer Weddle, Sgt. Miller, and Officer Cooper. That mail was tampered with, delayed, or destroyed. Martin often found his letters in the trash. Officer Weddle intentionally put his letters in the wrong envelope, sending the wrong letters to Martin's female friend which resulted in the destruction of the relationship. (Count 6 of Complaint.)

### 5. Hand Re-fractured on February 12, 2018

On February 12, 2018, Officer Sturgell intentionally injured Martin's left hand when she snatched his laundry bag out of his hand. Martin complained to Lt. Bolman, but he took no action and denied Martin medical attention. When Martin was seen by the medical department two weeks later, an x-ray revealed that Martin's hand had been re-fractured. (Count 7 of Complaint.)

## II. Screening of December 24, 2016, Altercation Claim

As set forth above, the plaintiff has raised five different claims against many different defendants.

The Eighth Amendment claims based on the December 24, 2016, altercation shall continue in this action. These claims shall proceed as to six defendants, including Officer Sturgell, Sgt. Prestel, Officer Regan, I.A. Dunkin, Officer Pitt and Officer Whitte. These claims are cognizable and survive the screening requirement of 28 U.S.C. § 1915A.

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Officer Sturgell, Sgt. Prestel, Officer Regan, I.A. Dunkin, Officer Pitt and Officer Whitte in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

## III. Severance of Claims

The other claims asserted in the complaint shall be severed. "The court may . . . sever any claim against a party." FED. R. CIV. P. 21. The Court of Appeals has instructed that generally, if a district court finds that a plaintiff has misjoined parties, the Court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Entries severing the remaining claims into four separate actions shall issue by separate order.

## IV. Conclusion

The action docketed as No. 1:18-cv-1848-TWP-MJD shall proceed on the Eighth Amendment claims based on the December 24, 2016, altercation. The defendants are Officer Sturgell, Sgt. Prestel, Officer Regan, I.A. Dunkin, Officer Pitt and Officer Whitte. The **clerk is directed** to issue process to these defendants. The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

The remaining claims shall be severed by separate Order. The **clerk is directed** to terminate defendants Officer Weddell, Sgt. Miller, Lt. Bolman, Cpt. Guillie, Cpt. Perole, Lt. Colenon, Sgt. Lunsford, Officer Hamilton, Officer Spangler, Officer Cockern, Officer Van De, Officer Holmes, Officer Overfield, and Officer Shupper on the docket.

**IT IS SO ORDERED.**

Date: 10/10/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTHONY C. MARTIN
945288
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic service to:

    Officer Sturgell
    Sgt. Prestel
    Officer Regan
    I.A. Dunkin
    Officer Pitt
    Officer Whitte.

    (All at Pendleton Correctional Facility)